## Dwelling House Insurance Company, of Boston, Mass., v. Addison Garner.

1.  INSURANCE—*Policy, When Rendered Void by Other Insurance.*— The object of the clause in an insurance policy by which other insurance works a forfeiture, is to prevent the moral hazard arising from excessive insurance, and is met only by such insurance as the insured has knowledge of and regards in force during the continuance of the risk, and which is calculated to affect his motive for the preservation of the property, and not by insurance which afterward becomes effective merely because of a subsequent acceptance which could not affect such motive.

Memorandum.—Assumpsit. In the County Court of Vermilion County; the Hon. JOHN G. THOMPSON, Judge, presiding,   Declaration on policy of insurance; pleas, general issue and special pleas.   (1) That at time of insurance by defendant there was other insurance upon property destroyed without any agreement therefor being added to or indorsed upon

said policy. (2) That subsequent to the issuing of said policy, plaintiff, without consent indorsed upon or added to said policy, procured other insurance upon the property alleged to have been destroyed. Trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 14, 1894.

APPELLANT'S BRIEF, W. R. LAWRENCE AND HARBERT & DALEY, ATTORNEYS.

It is universally held that where a policy provides against other insurance, the existence of other insurance in violation of that provision will render the policy void, and the mere recital in the proof of loss of the other insurance is sufficient evidence of its existence. Continental Ins. Co. v. Hulman, 92 Ill. 145; New York Central Ins. Co. v. Watson, 23 Mich. 488.

PENWELL & LINDLEY, attorneys for appellee.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action on a fire insurance policy. The plaintiff recovered a judgment for $450.

The defense was other insurance, contrary to the terms of the policy.

It appeared that the plaintiff had previously held a policy in the North-Western National Insurance Company covering his dwelling and a machine barn which contained some machinery.

That policy was payable in case of loss to a mortgagee therein named. A fire occurred by which the machine barn and contents were destroyed, and after some negotiation that loss was adjusted.

Afterward, and before the machine barn was rebuilt, but while it was in course of rebuilding, the plaintiff was solicited to insure in the appellant company, and the policy in suit was issued upon the new machine barn and the contents of same. The application stated, among other things, that there was no other insurance written by the agent of

appellant, upon the plaintiff's statement that there was insurance on his dwelling and contents, but nothing else.

Afterward, without plaintiff's knowledge, the North-Western National Company policy, which covered his residence and the machine barn, which had burned, was renewed by the agent (of said North-Western National Company) who was also representing the mortgagee, and still later this renewed policy was handed to plaintiff, and the premium was paid in a settlement between the agent and the plaintiff by a deduction from an account for brick furnished by plaintiff to the agent. The plaintiff, who was an illiterate man, did not know that the machine barn was covered by the last named policy until after the loss now in suit, but having learned it, he preferred a claim against the North-Western National, and was paid, after a suit brought, the *pro rata* sum for which that company was liable.

It is not argued that the policy now involved was vitiated by the fact that another policy covering the same property was afterward issued without the knowledge or authority of the plaintiff, but that his acceptance of the benefits of such policy amounted to a ratification of the act of the agent in renewing it and worked a forfeiture of the present policy the same as though it had been issued with his knowledge and consent in the first place. The object of the clause by which other insurance shall work a forfeiture is to prevent the moral hazard arising from double and excessive insurance.

In May on Insurance, section 365c, the author, after stating the inharmonious views of different courts upon the meaning and effect of such clauses, says: " The real test is the condition of the insured's motive for the preservation of the property. If he thinks he has double insurance the very evil the company intended to avoid exists."

The converse must also be true, that if he is not aware of the other insurance his motive for the preservation of the property can not be unfavorably affected thereby. This is aside from the question of the validity of the other insurance, which has by many courts been considered important.

Here the insured was not aware of the other insurance until after the fire, and the moral hazard was, of course, not increased, nor, in a technical sense, was the other insurance effective during the continuance of the risk, so far as he was concerned, because it was unknown, and the minds of the insurer and the insured had not met in regard to it.

It did not become effective until after the fire, when, for the first time, it was known to the assured and accepted by him.

Whether, after the loss, he could accept and so bind the insurer need not be discussed; but assuming that he could, as was conceded by the insurer's recognition and payment of his claim, the point is whether the appellant can be heard to say that such acceptance related back to the issuance of the policy and made it effective during the continuance of the risk within the purview and meaning of the clause in question.

We are inclined to hold that considering the object of this clause it is met only by such insurance as the assured knows of and regards as in force during the continuance of the risk, and which is calculated to affect his motive for the preservation of the property, and not by insurance which afterward becomes effective merely because of a subsequent acceptance, which could not affect such motive.

By another clause in the policy, the appellant was not liable for more than its proportion of all the insurance, whether valid or not, that might be on the property. No doubt this provision would lead, perhaps require, the assured to accept the benefit of another policy of which he had no knowledge before the loss, because whether valid or not it would reduce the amount to be collected upon this policy. An acceptance under such stress of conditions so induced by the terms of the policy of the appellant should not be urged by appellant as relating back, for the purpose here sought.

The judgment will be affirmed.