————o————

## No. 4089.

### (Court of Appeal, Parish of Orleans.)

### LOUIS E. MURRELL vs. NATIONAL FIRE INSURANCE CO.

1. A party who, without opposition, suffers evidence to be adduced contrary to or beyond the allegations contained in the pleadings, is bound by its effect.
2. Where a contract of insurance provides that the assured must have title in fee simple in the property, an equitable estate in fee simple is sufficient to support an insurable interest.
3. Other, over, or double insurance is defined as being additional and valid insurance, prior or subsequent, upon the same subject, risk and interest, effected by the same assured or for his benefit and with his knowledge or consent.
4. The reason for the insertion in a policy of the clause prohibiting double insurance is, that it is deemed advisable, in the interest of the public as well as of the moral risk, that part of the insurance shall be carried by the insured in order to secure effecting precautions on his part, for the preservation of the property.

5. It is a general, but not a universal rule, that the knowledge of the agent is the knowledge of the principal, and jurisprudence has made exceptions in the application of the rule.

6. The true test as to whether or not there is double insurance is the condition of the insured's motive for the preservation of the property; hence the knowledge intended must be actual and not merely constructive.

7. The plaintiff herein, having shown his good faith, his want of actual knowledge of the existence of the previous policy, and an insurable interest, is entitled to recover.

Appeal from Civil District Court, Division "C."

Saunders & Gurley, for Plaintiff and Appellant.

W. S. Parkerson, for Defendant and Appellee.

DUFOUR, J. Louis E. Murrell and George R. Murrell, brothers, owned in indivision the Tallyho Plantation and the homestead situated thereon. George, having bought from one Viallon a house and lot situated near the plantation, the brothers, by verbal contract, which has not since been reduced to writing, made an exchange by which George became sole owner of the homestead and Louis received in return the Viallon property. He moved to the house and lived there continuously until it was destroyed by fire on January 25th, 1905.

After the fire, the brothers for the first time discovered that each, without the knowledge of the other, had insured the property in his own name.

George's policy was taken out in the Hartford Co., August 14th, 1902, and Louis' in the National Co., on October 4th, 1902.

The defendant refused to pay the loss on the ground of double insurance within the prohibition of the policy. The good faith of the Murrells is frankly conceded and there is an admission in the record to the effect that "it is understood by both Murrells here present in Court that it is not their intention to claim from both companies but only one or the other; if they recover the money from this company that they will not recover from the other, and if they don't recover from this Company that they will sue to recover from the other."

259

It is urged at the outset by plaintiff that defendant, having alleged in its answer, that George had taken out the policy of August 14th for himself andin his own name, and is, therefore, estopped to set up that George took out that policy as agent of his brother.

No objection was made to the introduction of testimony to prove the agency, and it is elementary that a party who, without opposition, suffers evidence to be adduced ocntrary to or beyond the allegations contained in the pleadings, is bound by its effect.

20 An. 241.

Two questions are presented in this case.

First—One of fact: Was George Murrell acting as his brother's agent when he took out the policy, and

Second—One of law: Was there double insurance, even if the agency be proved, when it appears that the parties were in good faith, and that Louis wase not aware that the policy had been taken out.

Our appreciation of the case relieves us of the necessity of discussing the first question, as we have reached the conclusion that, conceding the agency to have been proved, the law is with the plaintiff under the circumstances of the case.

That Louis Murrell had an insurable interest in the property may not be doubted; where the policy provides that the assured must have title in fee simple in the property, an equitable estate in fee simple is sufficient to support an insurable interest.

1 Cooley on Ins. 150.

Other, over, or double insurance is defined by May as being "additional and valid insurance, prior or subsequent, upon the same subject, risk and interest, effected by the same assured or for his benefit and with his knowledge or consent." Vol. 2 p. 803.

The reason for the insertion of this clause is, that it is deemed advisable in the interest of the public as well as of the moral risk, that part of the insurance shall be carried by the insured, in order to secure effecting precautions on his part for the preservation of the property.

2. Cooley on Ins. 1448; Ostrander on Ins. 553, 2d ed. 56 Ill. App. 199.

May, after stating the conflicting views of Courts in various jurisdictions as to the validity of both or either of two co-existing policies gives as the true view "that the real test is the condition of the insured's motive for the preservation of the property; if he thinks he has double insurance the very evil the company intended to avoid exists." Vol. 2 p. 114.

The converse of the proposition should logically be true, if he does not think he has double insurance, the condition of forfeiture should not be effective against him. It is a general but not a universal rule, that the knowledge of an agent is the knowledge of the principal, and jurisprudence has made exceptions in the application of the rule. Thus, it has been held that the master of a vessel may know of its loss, while the owner in a distant land is insuring it, but the policy is not thereby affected, even though the master had had time enough to communicate the loss.

May, p. 224, note 1.

It is clear that the knowledge intended must be the actual knowledge suggestive of fraud, and not the constructive one, consistent with good faith.

Considering plaintiff's good faith and want of actual knowledge of the issuance of the policy to his brother, and further considering that he had an insurable interest we think he is entitled to recover.

The judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Louis E. Murrell and against defendant, the National Fire Insurance Company, of Hartford, Connecticut in the sum of ($1500) fifteen hundred dollars with legal interest thereon from judicial demand until paid, defendant to pay costs of both Courts.

April 8, 1907.

Rehearing refused April 22, 1907.

Writ refused by Supreme Court May 27, 1907.